U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 5 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNY FLORES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-748-A |
| | § | (NO. 4:17-CR-057-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Johnny Flores, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:17-CR-057-A, styled "United States of America v. Johnny Flores, et al.," the court has concluded that the motion should be denied as to one ground and set for hearing to consider the other.

I.

Background

On April 12, 2017, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 15. On June 7, 2017, the government filed a superseding

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

information charging movant with possession with intent to distribute methamphetamine. CR Doc. 38. On June 16, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged by the superseding information without benefit of a plea agreement. CR Doc. 44. Movant and his attorney signed a waiver of indictment. CR Doc. 45. They also signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 46. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. He stated that other than his plan to plead guilty to the offense charged by the superseding information and his entry into a Proffer Interview Conditions document that was made part of the record, he had no deal or understanding or agreement of any kind with the government, either directly or through his attorney. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory

---

[1](...continued)
criminal case.

guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 108.

According to the PSR prepared by the probation officer, movant's base offense level was 32. He received a two-level increase for importation of methamphetamine from Mexico and a decrease of three levels for acceptance of responsibility, giving him a total offense level of 31. CR Doc. 51, ¶¶ 21-30. Based on his criminal history category of III, the guideline imprisonment range was 135-168 months. Id., ¶ 84. Movant did not object to the PSR. He did file a motion for downward variance. CR Doc. 54.

On September 29, 2017, movant was sentenced to a term of imprisonment of 151 months, to be followed by a three-year term of supervised release. CR Doc. 66. The court noted at the sentencing hearing that, given movant's criminal history, the court would normally be sentencing at the top of the guideline range, but because his attorney "made some good points in [movant's] favor," the sentence would be in the middle of the guideline range. CR Doc. 109 at 9.

At sentencing, movant and his attorney signed a document titled "Notice of Right to Appeal Conviction and Sentence Imposed

After Plea of Guilty (Or Nolo Condendere)" admonishing movant that he had to file his notice of appeal within fourteen days after entry of the judgment. CR Doc. 63. Movant did not appeal.

## II.

### Grounds of the Motion

Movant asserts two grounds in support of his motion, worded as follows:

> GROUND ONE: Ineffective Assistance of Counsel During the Pretrial Stage.

Doc.[2] 1 at PageID[3] 4.

> GROUND TWO: Ineffective Assistance of Counsel on Appeal.

Id. at PageID 5.

Each ground refers to the memorandum of law filed in support of the motion for the facts supporting that ground. The memorandum, in turn, alleges in support of the first ground that movant's counsel promised movant that he had negotiated a 91-month term of imprisonment. Doc. 2 at 6-7. And, in support of the second ground, the memorandum alleges that movant instructed his counsel "adamantly to perfect an appeal," but counsel failed to

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

do so. Id. at 10-11. In addition, the motion is supported by an affidavit attached thereto. Doc. 1 at 14-15.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States

5

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

6

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

Movant's first ground asserts that his plea was based on the representation of his counsel that he would serve a term of imprisonment of 91 months. The record belies this allegation. As recited above, the court reviewed with movant that his sentencing would be based on the actual facts and that he would be bound by his plea. Movant acknowledged under oath that he understood that the guideline range could not be calculated until preparation of the PSR, that the sentence could be more severe or less severe than the recommended guideline range, and that movant faced a maximum twenty year term of imprisonment, among other things.

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of his first

ground has the slightest merit. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that

8

are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred. Accordingly, the first ground will be denied.

As to the second ground, the government concedes that a hearing is necessary to determine whether movant instructed his attorney to file a notice of appeal.

V.

Order

The court ORDERS that the first ground of the motion be, and is hereby, denied, and that a hearing is to be conducted as to the relief sought by movant pursuant to the second ground of such motion.

SIGNED November 15, 2018.

_____
JOHN McBRYDE
United States District Judge